No. 495

First Circuit

——

NEWSOM v. I. C. R. R. CO.

——

(June 10, 1929. Opinion and Decree.)

——

Robert S. Ellis, of Amite, attorney for plaintiff, appellant.

Carroll Buck, of Amite, attorney for defendant, appellee.

ELLIOTT, J.   Joseph Newsom claims of the Illinois Central Railroad Company damages amounting in the aggregate to $1400. The items claimed are: $350 on account of the destruction of plaintiff's automobile; $1000 on account of pain, mental anguish and bodily injuries, and $50 for loss of time from work.

The defendant excepted to plaintiff's demand on the ground that his petition did not disclose a right or cause of action. The exception was sustained and the suit dismissed.

The plaintiff has appealed.

The petition alleges in substance and effect that the Illinois Central Railroad Company is a common carrier, engaged in hauling freight and passengers over tracks, switches, sidings and spurs owned by it, and other persons and corporations.

That one of the spurs connecting with said railroad is owned by the National Sand & Gravel Co., Inc., and is being used to transport sand and gravel from its pit on Tangipahoa River in a westerly direction, to the main line of the railroad at a point about one-half mile north of the depot in the town of Amite, La., said spur crossing two streets, Duncan Avenue and Laurel Street, to said point.

That permission was granted by the town of Amite City to the National Sand & Gravel Company, or its predecessors, to build said switch or spur track across Duncan Avenue and Laurel Street, with the proviso that no train should be run over said spur or switch, on Laurel Street, between the hours of 7 p. m. and 7 a. m.

That on April 12, 1927, at about the hour of 8 o'clock p. m., accompanied by a couple of friends, he got into his automobile near Hayden's market, and started for a ride. Going up Laurel Street at a reasonable and lawful speed, to the point where said switch or spur track crosses same, he suddenly noticed that flat cars loaded with gravel and sand were blocking the crossing, but too late to stop his car.

That as said switch or spur is built up about 2½ or 3 feet higher than the street, his automobile ran into and wedged itself under one of said flat cars, near the east of same.   That his view ahead was obstructed by a street light 15 or 20 feet south of the crossing.   That in entering on the crossing he relied on and had the right so to do, upon the clause in the franchise of the said sand and gravel company's predecessors, under which it was prohibited in using said street, to operate trains across it between the hours mentioned. That said accident was caused solely by the gross negligence, carelessness and illegal acts of said Illinois Central Railroad Company, its agents and employees in the way stated.

The acts and failure to act enumerated as constituting faults on the part of said railroad company, entitling him to damages against it on account of pain, mental anguish, bodily injuries, bruises, shock and loss of time are as follows: First, switching its freight cars across said street between the hours prohibited by said ordinance.   Sec-

ond, placing its cars across said street, so elevated above the level of the street and just north of said street lights in a way that same can not be seen at night from an automobile going north on said street. Third, its failure to place a watchman on the south side of said crossing to flag approaching autoists.

It was evidently the opinion of the judge a quo, and it is also the opinion of this court that plaintiff admits negligence in himself in running into cars that he saw ahead of him on a railroad crossing in his immediate front.

According to his averments the cars were out open to his view, blocking a railroad crossing, which he knew existed on said street, at the time he started on his journey. He does not claim to have stopped, looked nor listened, nor to have taken any precautions, until he was so close to the railroad that he could not stop. If he was blinded by the street lights as he claims to have been and could not see the railroad and the flat cars thereon in the way he was going he should have stopped until he could see that the railroad crossing was safe. Lopez vs. Sahuque, 114 La. 1005, 38 So. 810; Adams vs. Arkansas L. & G. Ry. Co., 127 La. 567, 53 So. 865; Gibbens vs. N. O. Terminal Co., 159 La. 347, 105 So. 367.

The exception of no cause of action as regards his demand on account of pain, mental anguish, bodily injuries, bruises, shock and loss of time, was properly sustained.

But in connection with the above the plaintiff further alleges that: "When the employee of the said railroad company in charge of said train, came to the scene of the accident, he gave the signal to the engineer to pull up, thus dragging his au-

tomobile along with said car under which it was wedged, until it came into contact with a telephone pole, just south of said street and north of said spur, entirely demolishing it, causing him the total loss thereof." That said accident was caused, etc., "by ordering its engineer to pull up, while the automobile was wedged under said flat cars, causing it to be dragged against said telephone pole, which totally destroyed and demolished it."

If the railroad company, after knowing that his automobile was wedged under its stationary car, gave orders which resulted in its total destruction, it may be liable to the plaintiff for the value of the car, at the time the order to pull up was given. The alleged liability of the railroad company on this account, is entirely independent of plaintiff's claim against it on account of his pain, mental anguish, bodily injuries, bruises, shock and loss of time.

The exception as regards this alleged liability, should therefore in our opinion have been overruled.

The judgment appealed from, to the extent that same sustains the exception of no cause or right of action to plaintiff's demand for pain, mental anguish, bodily injuries, bruises, shock and loss of time was correct and is now affirmed. But in so far as same sustains the exception to his demand against the railroad company for having destroyed his automobile after seeing it wedged under its cars, it is erroneous and will be to that extent annulled, avoided and set aside.

And it is now ordered that the judgment appealed from to the extent that same sustained the exception of no cause or right of action to plaintiff's demand on account of the destruction of his automobile, after it was seen wedged under said flat cars,

be annulled, avoided and set aside and the said exception is to that extent overruled and the case remanded to the lower court for further proceedings and as the law requires.

Defendant and appellee to ·pay the cost of appeal. The other cost to abide the final result of the case.